[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (No. 108)
"The First Amendment requires that we protect some falsehood in order to protect speech that matters." Gertz v. Robert Welch,Inc., 418 U.S. 323, 341 (1974). Anthony Izzo ("Izzo"), the plaintiff in this defamation action, is a public school teacher who has been accused, falsely as it turns out, of having been arrested. Because the First Amendment requires a showing of malice in these circumstances and because Izzo is unable to make such a showing, the defendants' motion for summary judgment must be granted.
Izzo is a teacher employed by the New Haven Board of CT Page 10792 Education (the "Board"). He teaches English at Wilbur Cross High School. The defendant, Charles Deafenbaugh ("Deafenbaugh"), was at the time of the events in question employed by the Board as its Director of Staff Placement, Evaluation and Development. Deafenbaugh has submitted an affidavit that states that on August 21, 1996, he was informed by Charles Grady ("Grady") that Izzo had been arrested on drug charges. Grady is a former Captain of the New Haven Police Department who serves as a consultant to the Board on school security issues. On the same day, as a result of this communication, Deafenbaugh sent Izzo a letter that is the cynosure of this case. The full text of that letter is as follows:
 Please report to the Personnel Office on Tuesday, August 27, 1996 at 10:30 a.m., 54 Meadow Street, New Haven, Connecticut. The purpose of this meeting is to discuss your recent arrest and the charges filed against you. I have notified Wilbur Cross High School that you will not be reporting for work on the 27th.
You have the right to have a union representative present.
Copies of the letter just quoted were sent to four persons: Reginald Mayo, the Superintendent of Schools; Peter Villano, the Director of High School Education; Kerrie Bryan, the Principal of Wilbur Cross High School; and Frank Carrano, the President of the New Haven Federation of Teachers, the teachers' union to which Izzo belonged.
On August 23, 1996, Izzo called Deafenbaugh and said, "You have the wrong Anthony Izzo." Deafenbaugh checked Izzo's claim and it turned out to be true. A man named Anthony Izzo had indeed been arrested on drug charges, but it was another Anthony Izzo. The Anthony Izzo who is the plaintiff in this case has never been arrested and was a victim of mistaken identification. On November 13, 1996, Deafenbaugh sent Izzo a letter apologizing for the mistake. Copies of the November 13, 1996 letter were sent to the recipients of the August 21, 1996 letter.
In the meantime, however, on September 27, 1996, Izzo commenced this lawsuit against Deafenbaugh and the Board. Izzo's complaint consists of three counts. The first count alleges libel. The second count alleges negligent infliction of emotional distress. The third count alleges invasion of privacy by false light. CT Page 10793
On September 3, 1998, the defendants filed the motion for summary judgment now before the court. The motion contends that the letter of August 21, 1996, is protected by the First Amendment. (The motion additionally contends that the letter in question is protected by a qualified privilege. Because the defendants' First Amendment argument is dispositive, the qualified privilege defense need not be considered. See County ofSacramento v. Lewis, 118 S.Ct. 1708, 1714 n. 5 (1998).) The motion was heard on September 21, 1998. For the reasons stated below, it must be granted.
Izzo's inability to establish the element of malice required by the First Amendment is fatal to his cause. "[A] public school teacher is a public official for defamation purposes." Kelley v.Bonney, 221 Conn. 549, 581, 606 A.2d 693 (1992). "When, as here, the plaintiff [in a defamation case] is a public [official], he cannot recover unless he proves by clear and convincing evidence that the defendant published the defamatory statement with actual malice, i.e., with `knowledge that it was false or with reckless disregard of whether it was false or not.' New York Times Co. v.Sullivan, 376 U.S. 254, 279-280 (1964)." Masson v. New YorkerMagazine, Inc., 501 U.S. 496, 510 (1991).
The "clear and convincing evidence" standard is relevant in ruling on a motion for summary judgment in a defamation action brought by a public official. In ruling on a motion for summary judgment in this context, "the judge must view the evidence presented through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254
(1986). "Thus, where the factual dispute concerns actual malice, clearly a material issue in a New York Times case, the appropriate summary judgment question will be whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not." Id. at 255-56. (Footnote omitted.)
"The phrase `actual malice' is unfortunately confusing in that it has nothing to do with bad motive or ill will."Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657,666 n. 7 (1989). The real question to be addressed by the court is whether the allegedly defamatory statement was published "with knowledge of falsity or reckless disregard as to truth or falsity."Masson v. New Yorker Magazine, Inc., supra, 501 U.S CT Page 10794 at 511. For reasons already explained, it is the burden of the plaintiff to prove malice, thus defined, by clear and convincing evidence. A careful review of the evidence submitted by the parties firmly establishes that the plaintiff here is unable to meet this burden.
There is no evidence that Deafenbaugh knew that the statement in question was false when he made it. Izzo, as I understand it, does not argue to the contrary. His argument, rather, is that Deafenbaugh wrote the letter of August 21, 1996 with reckless disregard as to truth or falsity.
Izzo's claim, as I understand it, rests on two principal arguments. He first contends that Izzo failed to "check out" his statement when he could easily have done so. It is well established, however, that "failure to investigate will not alone support a finding of actual malice." Harte-Hanks Communications,Inc. v. Connaughton, supra, 491 U.S. at 692. Such a failure "attests rather to want of care or to thoughtlessness than to bad motives or dishonesty." Charles Parker Co. v. Silver City CrystalCo., 142 Conn. 605, 618, 116 A.2d 40 (1955). A showing of negligence in a First Amendment case falls far short of establishing malice. Time, Inc. v. Hill, 385 U.S. 374, 389
(1967).
Izzo's remaining claim is that Deafenbaugh was put on notice by a newspaper article that the Anthony Izzo who had been arrested was someone other than himself. The evidence shows that on August 6, 1996, an article concerning the arrest in question appeared in the New Haven Register. The article, which appeared on an inside page of the newspaper, describes a narcotics raid in Branford that had occurred "Friday night." The Friday preceding the date of the article was July 31, 1996. The article states that "Anthony Izzo, 44, of 113-115 Limewood Ave. was charged." The plaintiff, in contrast, was 53 years old at the time and lived on Perkins Street in New Haven. He argues that Deafenbaugh should have known from this article that he was not the Anthony Izzo who had been arrested.
There are several problems with this argument. First, the fact that a different Anthony Izzo had been arrested on July 31, 1996, did not necessarily preclude the possibility of this Anthony Izzo being arrested sometime prior to August 21, 1996. Second, Izzo's argument on this point boils down to a contention that Deafenbaugh failed to draw certain inferences from the CT Page 10795 article. At most, this amounts to a showing of negligence which, as already explained, does not rise to the level of malice required by the First Amendment.
Finally, there is no evidence that Deafenbaugh had even read the New Haven Register article prior to writing the letter in question. Deafenbaugh flatly denies having read it prior to writing the letter. Rather, he states in his affidavit that he obtained the information upon which he relied from Captain Grady. Izzo claims that Deafenbaugh told him that the article "was in the paper," but Izzo admitted in his deposition that Deafenbaugh did not say that he had read the article. In any event, this conversation occurred well after the letter had been written. It is entirely possible that Deafenbaugh might have become familiar with at least the existence of the article by the time of the conversation but have been unfamiliar with its existence — not to mention unfamiliar with its contents — at the earlier time when he had written the letter.
For all these reasons, Izzo's case is, at best, a case of negligence built on the sand of surmise. It is emphatically not a case of malice established on the rock of clear and convincing evidence.
The First Amendment principles described above are plainly dispositive of Izzo's libel claim. Because his claims of negligent infliction of emotional distress and invasion of privacy by false light attack the same act of protected speech, the principles that have been identified are dispositive of those claims as well. Time, Inc. v. Hill, supra,385 U.S. at 387-88.
The motion for summary judgment is granted.
Jon C. Blue Judge of the Superior Court